IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROBERT BURNS (JACKSON CNTY. | ) |
| SHERIFF), | ) |
| DALE FOSTER (UNION CNTY. | )   Case No. 22-cv-119-DWD |
| SHERIFF), | ) |
| LEE KERSTEN, | ) |
| KYLE SPRADLING, | ) |
| KATIE MILEY, | ) |
| SCOTT HARVEL (FORMER JACKSON | ) |
| CNTY. SHERIFF), | ) |
| TYLER TRIPP, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Defendant Dale Foster's Second Motion to Dismiss (Doc. 66), and Plaintiff's response (Doc. 72). The underlying lawsuit contains claims about Plaintiff Robert Craft's confinement at the Jackson County Jail, brought under 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. §12001, et seq.. (Doc. 57). For reasons explained herein, the Motion to Dismiss is denied.

### BACKGROUND

Plaintiff initiated this litigation by counsel in January of 2022 while he was still detained at the Jackson County Jail. Ten days after filing, Plaintiff moved for a Preliminary Injunction concerning his access to mental health care. (Doc. 6). The Court

set the matter for a status conference upon receipt of the Motion, but before the conference occurred Plaintiff was released from the Jail and the Motion was withdrawn. (Doc. 9). The Court issued an initial scheduling order on March 23, 2022, that required the exchange of initial disclosures by May 6, 2022, and that allowed for an amended complaint by June 20, 2022. (Doc. 23).

On April 14, 2022, Defendant Foster moved to dismiss the complaint (Doc. 29), and Plaintiff responded (Doc. 36). Ultimately, the Court granted Foster's Motion and dismissed the claims against him for lack of specificity. (Doc. 43). Plaintiff's original complaint presented claims against "all defendants" in a generic fashion, and the Court reasoned that the allegations did not do anything to establish Foster's personal knowledge of Plaintiff's condition or needs. (*Id.* at 7-11).

Plaintiff subsequently moved for leave to file an amended complaint on November 7, 2022, about a month after the Court's ruling on the motion to dismiss. (Doc. 44). In support of the motion for leave to amend, Plaintiff indicated that prior to Foster's earlier motion to dismiss, Foster had not produced initial disclosures. (doc. 44 at ¶¶ 2-3). Plaintiff specifically indicated that the amended complaint was supported by information uncovered during the initial round of discovery and disclosures with other parties. (*Id.* at ¶ 6). Defendant Foster opposed the motion to amend, but the Court allowed the amended complaint. (Docs. 45, 56).

### THE AMENDED COMPLAINT

Plaintiff alleges that on January 12, 2021, the Union County States Attorney filed a criminal complaint against him, and on the same day he was admitted to the Jackson

County Jail (the Jail). The Jail houses detainees for Union County by agreement. (Doc. 57 at ¶ 20). The contract specifies that Union County is liable for providing mental health treatment to any of its detainees at the Jail, and that Jackson County was responsible for notifying Union County if costs for treatment would exceed $1000. (*Id.* at ¶¶ 21-22). As a part of this agreement, at least as early as February 11, 2021, former Union County Sheriff Scott Harvel was informed of the need to approve a mental health evaluation and/or services for Plaintiff. (*Id.* at ¶¶ 27-30).

In August of 2021, Defendant Dale Foster succeeded Harvel as the Union County Sherriff. (*Id.* at ¶ 31). From that point forward, Foster would have been in the position to approve mental health services. (*Id.*). On July 22, 2021, Plaintiff had his first crisis counseling session, nearly six months after his arrival at the jail, and after being placed on suicide watch multiple times. (*Id.* at ¶¶ 44-45). The counselor recommended to Defendant Sharee Langenstein (an assistant state's attorney involved in Plaintiff's criminal proceedings), that Plaintiff needed additional mental health services, but Langenstein either did not relay the message to Jackson or Union Counties or the other Defendants did not approve further services. Defendants Langenstein or Spradling (a Jail officer) were notified again on August 8, October 28, and November 24, 2021, of Plaintiff's need for services, but services were never rendered. (*Id.* at ¶ 47).

In relation to these allegations, Plaintiff alleges the counties do not have adequate procedures in place to assess, record, or convey the mental health needs of detainees. The Jail manual does not have any procedures for detainees who have been identified as in need of mental health services. (*Id.* at ¶ 37). Plaintiff further alleges the Jail does not

appropriately monitor detainees on crisis watch, neither county keeps adequate records about the mental health status of detainees, and neither county has a functional system to ensure that mental health needs are addressed. (*Id*. at ¶¶ 39-41). On the whole, the mental health services offered by the counties are inadequate to meet the complex mental health needs of a patient like Plaintiff. (*Id.* at 42).

Plaintiff named Defendant Foster in his individual capacity for his role in the inadequate provision of mental health services, and in his official capacity as Union County Sheriff for maintaining a policy or practice of failing to timely approve requests for mental health services, thus causing inadequate services. (*Id.* at ¶¶ 58-59).

## DISCUSSION

A. Legal Standards

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773,

776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin*, 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

B. Analysis

Defendant Foster argues that he is entitled to dismissal because Plaintiff's complaint does not meet the Rule 8 plausibility standard, and it still fails to describe his personal involvement at a sufficient level to state a claim. Foster stresses that there are no allegations in the Amended Complaint that directly attribute personal knowledge to

him of Plaintiff's mental health needs.  And even if there were, there are no facts that tend to suggest he acted purposefully, knowingly, or recklessly with respect to a risk of harm.

As Foster correctly states, Section 1983 liability is premised on personal involvement.  A pretrial detainee's Fourteenth Amendment right to medical care is violated if: (1) there was an objectively serious medical need; (2) the defendant made a volitional act with regard to the plaintiff's medical need; (3) that act was objectively unreasonable under the circumstances in terms of treating or assessing the patient's serious medical need; and (4) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm.  *Miranda v. Cty. Of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2019).  A lack of direct participation by a defendant in the provision of medical care makes a deliberate indifference claim more difficult to establish, because individual liability under § 1983 requires personal involvement.  *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)

Although the Amended Complaint still lacks a level of specificity that ties Foster to the individual decisions on treatment for Plaintiff, the Court finds that the Amended Complaint contains enough specificity to proceed at this juncture.  Plaintiff expanded on allegations about the contract between Jackson and Union Counties, and in early discovery, Plaintiff apparently learned of at least one occasion upon which Foster's predecessor was asked to approve mental health treatment.  After Foster became Sheriff, Plaintiff alleges that on at least three occasions (August 8, October 28, and November, 24, 2021) he had counseling sessions that produced a recommendation for further care.  It is plausible to infer at this early juncture that if Harvel was asked to approve mental health

care in February of 2021, then Foster may have received similar requests after later counseling sessions. Or, if Foster was not receiving any communications about the need to cover mental health care costs, that lack of awareness might go to Plaintiff's theories about inadequate policies or practices.

To the extent that Foster may not have received communications, this possibility goes to Plaintiff's allegations about inadequate policies or practices maintained by the counties concerning mental health services. Foster argues that Plaintiff's official capacity claim against him related to any such policies or practices fails both because he has not established that Foster is a final decisionmaker, and because he does not identify any experiences other than his own. Plaintiff refutes both points in his response by alleging that as Sheriff, Foster is the final decisionmaker, and by alleging that at the pleading stage, Plaintiff is not yet required to identify the experiences of others to support his claim. While it is true that policy or practice claims are difficult to prove, it is too early in this case to terminate this claim. The parties should be allowed the benefit of discovery to further develop the record on the issues presented. Accordingly, Defendant Foster's Second Motion to Dismiss (Doc. 66) will be denied.

## DISPOSITION

Defendant Foster's Second Motion to Dismiss (Doc. 66) is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 30, 2023

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge