IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ROBERT CRAFT, ) | |
| ) | |
| Plaintiff, ) | Case No. 22 CV 00119 |
| ) | |
| v. ) | Judge David W. Dugan |
| ) | |
| SHERIFF, ROBERT BURNS, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO LANGENSTEIN MOTION TO DISMISS**

Defendant Langenstein moved to dismiss claiming absolute immunity as a prosecutor except nowhere in the complaint is it alleged that she had any role in the criminal complaint against Mr. Craft. The criminal complaint was being pursed in a different county — Union — not Jackson where she was an assistant state's attorney. She is being sued as alleged in paragraphs 45 – 47 of the Amended Complaint for failing to respond to requests from Centerstone, the Jackson County mental health service provider, to provide Mr. Craft with needed services. The complaint alleges that Ms. Langenstein was contacted by Centerstone about services for Plaintiff on more than one occasion and that she did not respond in July or November. (ECF 44-1, ¶¶ 45, 47)  It is a fair inference that the Centerstone counselor believed she needed authorization for these services from Ms. Langenstein because Ms. Langenstein did in fact have some administrative role at the County—actual or perceived—in authorizing services for detainees. (Centerstone notes attached as Ex. A) The fact that others may have responsibility does not relieve Ms. Langenstein of her obligations as alleged in para. 63 of the amended complaint. (*Id*. at ¶ 63).

The US Supreme Court has been clear that prosecutors are only protected by qualified immunity for actions done "preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," but not for "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 US 259, 273 (1993). That is precisely the capacity in which Ms. Langenstein has been sued: for her administrative role in the delivery of care to detainees Jackson County.

When a defendant asserts qualified immunity, the court is presented with a two-pronged inquiry: (1) whether the facts, read in favor of the non-movant amount to a constitutional violation; (2) whether the constitutional right was clearly established at the time of the alleged violation." *Rainsberger vs. Benner*, 913 F. 3d 640, 647 (7th Cir. 2019). Since the answer to both of these questions is undoubtedly affirmative, Ms. Langenstein is not shielded by qualified immunity and her motion must be denied. *See id*.

                By:     <u>Harold C. Hirshman</u>
                       One of the attorneys for Plaintiff

                       Harold C. Hirshman
                       Diane C. O'Connell
                       DENTONS US LLP
                       233 S. Wacker Drive, Suite 5900
                       Chicago, IL 60606
                       Telephone: (312) 876-8000
                       Facsimile: (312) 876-7934
                       Harold.Hirshman@dentons.com
                       diane.oconnell@dentons.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 1st of August 2023, a true and correct copy of the foregoing RESPONSE TO MOTION TO DISMISS was served upon counsel of record *via* the Court's electronic case filing system.

                                                /s/ Harold C. Hirshman
                                                Harold C. Hirshman